GEORGE C. ELIOTT *vs.* GEORGE L. GOWER *et als.*

The separate equitable estate of a married woman is subject to an equitable charge for her individual contracts in favor of her creditors.

If a married woman declares expressly and in writing her intention to charge her separate equitable estate, or if she so declares verbally and her contract is for the benefit of herself or her separate estate, the charge will be valid.

BILL IN EQUITY brought against the respondent, Gower, his wife, and the Rhode Island Hospital Trust Company, as trustee for Mrs. Gower, in order to establish a charge on certain trust funds in the possession of the company, for the payment of a debt alleged to have been contracted by the respondent, Mrs. Gower, in 1871, under her then name of Perry.

June 2, 1869, Mrs. Gower, then Mrs. Frances L. Perry, conveyed to the above named company, her husband joining in the deed of conveyance, certain property, " In trust to take immediate or absolute possession and control of the same, to hold, manage, dispose of, convey, invest, and reinvest the same in their discretion ; " the deed then prescribes certain payments to be made from the trust fund, after which the deed proceeds : " And subject to the above, to pay the rents, profits, and income of the same as they may accrue to the said Frances L. Perry, or her order, upon her sole and separate receipt therefor, and also to pay to her upon a like receipt for the benefit of the said Frances L. Perry and her family, of whomsoever that family may consist, whenever, in the opinion of said trustees, the Rhode Island Hospital Trust Company, something more than the rents, profits, and income may be necessary for her comfort and happiness, by reason of increased expenses from sickness or other causes, or by reason of suspen-

sion, or diminution of rents, profits, and income, or for any other necessary cause, such portions of the principal, from time to time, as they may think proper, not to exceed in all the one half part thereof. And in case of the decease of the said Frances, this trust to cease and terminate, and the said property remaining in the hands of the trustees to be conveyed as she shall by last will and testament direct, and in default thereof to her heirs at law. Intending to give said trustees absolute and complete control over said property, subject, however, to the trusts and conditions herein named."

The respondents demurred.

*March* 2, 1878. POTTER, J. Certain property was conveyed to trustees, who after paying certain debts and expenses were to pay over to Mrs. Gower, then Mrs. Perry, the rents and income of the property as they accrued, or to pay them to her order on her sole and separate receipt. The trustees were also empowered in their discretion to apply to her use a portion of the principal. On her decease the trust was to end, and the property remaining to be conveyed as she should by will direct, and in default thereof to her heirs at law. The instrument of conveyance contained the clause, " intending to give to said trustees absolute and complete control over said property, subject, however, to the trusts and conditions herein named."

The bill alleges that May 3, 1871, Mrs. Perry being indebted to the plaintiff in the sum of $780.25, for goods received by her, and work and labor done for her, and at her request, gave the complainant an order in writing on the respondent, the R. I. Hospital Trust Company, for that amount, which was presented, and payment demanded and refused, although, as alleged, the said Trust Company had received more than enough of said income to pay it.

And the bill further alleges that between May and June, 1871, Mrs. Perry became further indebted to the complainant for goods purchased and received by her in the sum of $505.75, and promised the complainant to pay him the same out of said trust estate and the income thereof, and that the said respondent Trust Company had notice thereof. This promise is not alleged to be in writing.

Both sums remain unpaid.

The bill prays that said sums may be decreed to be a charge and lien on said trust estate and the income thereof, and that payment of the same may be ordered from the trust estate.

The bill is demurred to, and we are to decide whether on the facts as stated, if proved, the complainant would be entitled to relief.

Unless there is something in the instrument creating the trust to prevent it, a married woman may, by her own acts, charge her separate equitable estate, and this is the more reasonable as she might convey it entirely, whether real or personal, unless restrained by the terms of the trust. See Snell Equity, 298, and cases there cited ; *Stead* v. *Nelson*, 2 Beav. 245 ; *Major* v. *Lansley*, 2 Russ. & M. 355 ; *Pride* v. *Bubb*, L. R. 7 Ch. App. 64 ; *Hodgson* v. *Hodgson*, 2 Keen, 704 ; *Dowling* v. *Maguire*, Llo. & G. temp. Plunket, 1 ; *Murray* v. *Barlee*, 3 Myl. & K. 209 ; *Owens* v. *Dickenson*, 1 Cr. & Ph. 48 ; *Acton et al.* v. *White*, 1 Sim. & Stu. 429.

And it seems to be the result of the cases, so far as we can consider the law established, that if she declares her intention to charge her separate estate expressly and in writing, or if she does it verbally and the contract is for her own benefit or for the benefit of her separate estate, so that the court can infer the intention, the charge will be good.

The history and limitations of the doctrine are fully discussed and stated by Lord Romilly, in *Shattock* v. *Shattock*, L. R. 2 Eq. 182. See also *Yale* v. *Dederer*, 22 N. Y. 450 ; *Methodist Epis. Church* v. *Jaques*, 3 Johns. Ch. 77 ; *Jaques* v. *Methodist Epis. Church*, 17 Johns. Rep. 548 ; Snell Equity, 303–305.

Some of the cases have gone much farther than the rule we have stated, and in some of our States the doctrine has been extended to the statutory legal estate. See *Yale* v. *Dederer*, 22 N. Y. 450, and the cases cited in *Johnson* v. *Gallagher*, 3 De G., F. & J. 494 ; *Vaughan* v. *Vanderstegen*, 2 Drew. 165, 182 ; *Nash* v. *Mitchell*, 3 Abb. New Cas. 171.

There seems good sense in the distinction we have stated between written and verbal engagements. The former are more likely to be entered into deliberately and lawfully, while verbal conversations may be more hasty and vague, and more likely to

be misunderstood by one party or the other. See opinion of Kindersley, V. C., in *Matthewman's case*, L. R. 3 Eq. 781, 786.

We assent to the position of the counsel for the respondents that a court of equity should most thoroughly scrutinize the evidence in such cases.

While holding, as we have stated, as to the general power to charge the separate estate, we express no opinion as to the extent of the power in the present case, and whether it extends to more than the income, that point not having been argued by counsel.                                    *Demurrer overruled.*